DAVE PHIPPS, APPELLANT, v. ELLIS REDMON, RESPONDENT.—185 S. W. (2d) 848.

Springfield Court of Appeals. February 15, 1945.

*G. Purd Hays* for appellant.

*Gordon J. Massey* for respondent.

BLAIR, P. J.—This suit was commenced in a Justice of the Peace Court in Christian County, Missouri. Plaintiff there (appellant here) prevailed in said Justice of the Peace Court, and defendant there (respondent here) appealed to the Circuit Court of Christian County, where a different result was obtained. In due. time, plaintiff appealed to this court.

It was a replevin suit and involved the ownership and right to possession of a roll of 26-inch hog wire, and one-half quarter mile of barbed wire, of the alleged value of $50. Plaintiff further claimed damages in the sum of $50, making his claim against defendant the sum of $100. As the judgment of the Justice of the Peace Court is not set out in the abstract, we are not advised as to what was done in the Justice of the Peace Court, further than that plaintiff therein prevailed.

The abstract of the record is so incomplete that we are unable therefrom to understand just what were the contentions of the parties. Both plaintiff and defendant claimed the right to remove the fencing as owners of the land, whereon said fencing was placed. We were first impressed with the idea that, even though the amount involved was very small, the right of removal of the wire depended largely upon who owned the land at the time from which said fencing was removed.

We are familiar with those cases which hold that we have no appellate jurisdiction, where the title to real estate is actually in the case. In a very able and recent opinion, Judge DEW of the Kansas City Court of Appeals, in Curators of Central College v. Shields, 182 S. W. (2d) 792, 1. c. 796, has said:

"It is too well established to require exposition that for title to real estate to be involved in the constitutional sense, it must be directly involved and not indirectly. The title must be more than merely an issue; it must be directly an issue as distinguished from a collateral or incidental issue. The judgment therein must operate directly upon the title and not merely collaterally."

We have examined the cases cited by Judge DEW and they abundantly support his statement of the rule. We cannot say here that the title to real estate is involved in the constitutional sense, and must hold that we have appellate jurisdiction, although the right to remove the

fencing may have depended somewhat upon the ownership of the land at the time.

Plaintiff makes five assignments of error in his brief. In the first and second assignments, plaintiff claims error because the trial court forced plantiff to trial in his absence. This assignment cannot be considered because the abstract of the record is entirely silent as to what took place before evidence was adduced in the circuit court.

The third assignment discusses the situation where plaintiff claims that defendant had no right to remove the wire, because plaintiff's possession of the land was never disturbed. In other words, plaintiff claimed good title to the land. This was the very question the parties attempted to litigate in the circuit court. The trial court heard evidence both ways, and we see no ground for interference with the judgment.

The fourth assignment is error of the trial court in overruling plaintiff's application for a change of venue. So far as the record discloses, the trial had progressed for sometime, possibly for several terms, before the application for change of venue was filed. Even if the application for change of venue was timely filed by plaintiff (which we do not consider or determine), the change of venue was asked to some other court, and the record fails to state whether plaintiff complied with Section 1073, Revised Statutes 1939, by depositing the sum of $10 with the application for change of venue; and, without considering any other reasons, the trial court cannot be convicted of error in refusing to grant such change of venue.

Point V is that the trial court heard the case without the aid of a jury. Plaintiff was entitled to a jury, if he wanted it; but, so far as the record shows, he may have waived such jury. The same may be said of the failure of the trial court to make any findings of fact. The record is again wholly silent as to what was done by the trial court in this regard.

This court cannot presume error on the part of the trial court and can only reverse a judgment when error is pointed out by appellant. In such case, it becomes our duty to affirm the judgment of the trial court, and it is so ordered. *Fulbright, J.,* concurs; *Vandeventer, J.,* not sitting.